UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN DAVID VAZQUEZ-URIBE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | Crim Action No. 01-768 (SDW)<br><br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. Following a bench trial in December 2008, this Court found Petitioner[1], Juan David Vazquez-Uribe guilty of one count of conspiracy to import three hundred kilograms of narcotics in violation of 21 U.S.C. § 963 and one count of conspiracy to distribute three hundred kilograms of narcotics in violation of 21 U.S.C. § 846. (*See* ECF No. 46). This Court thereafter sentenced Petitioner to 360 months' imprisonment on each count to run concurrently to one another in July 2009. (*Id.*). Petitioner appealed, but his conviction and sentence were affirmed by the Third Circuit in 2011. (ECF No. 61).

2. Following the conclusion of his direct appeal, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (*See* Docket No. 12-6873 at ECF No. 1). Following briefing in that matter, this Court denied Petitioner's § 2255 motion and denied Petitioner a certificate of appealability in November 2014. (Docket No. 12-6873 at ECF No. 12-13). Petitioner appealed, and the Third Circuit denied him a certificate of appealability in May 2015. (Docket No. 12-6873 at ECF No. 16).

---

[1] Although Petitioner filed this motion in his criminal matter, his current motion is more akin to a § 2255 motion and is directly connected to his previously denied § 2255 motion. This Court thus refers to him as "Petitioner" rather than Defendant in this memorandum opinion.

3. In July 2016, however, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c) seeking a reduction of his sentence based on a retroactive change to the applicable sentencing guidelines. (ECF No. 65). This Court granted that motion on October 31, 2016, and reduced Petitioner's sentence to a term of 292 months on each count of his conviction to run concurrently with one another. (ECF No. 68). In granting the § 3582(c) motion, however, this Court specifically directed that, other than the reduction of the over all length of Petitioner's sentence, "all provisions of [Petitioner's sentence entered in 2009] shall remain in effect." (*Id.*).

4. Some two years later, in late July 2018, Petitioner submitted to this Court his current motion, which he titles a "Motion for Appropriate Relief to Correct Sentence" and which he suggests could be treated as either a new motion to correct sentence, presumably brought pursuant to 28 U.S.C. § 2255; a motion pursuant to Federal Rule of Criminal Procedure 35(a); or a motion to reopen his previously denied § 2255 motion pursuant to Rule 60(b) of the Rules of Civil Procedure so that he may raise a new claim. (ECF No. 69 at 1). In his motion, Petitioner seeks to raise a single claim – that he should not have been sentenced as a leader or supervisor pursuant to United States Sentencing Guidelines § 3B1.1(a). (*Id.* at 4-7). Petitioner contends that he should now be permitted to raise that claim long after his sentencing because of an intervening change of law. (*Id.* at 1-2). The only "intervening" change Petitioner identifies, however, is the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), a decision which was rendered long before this Court sentenced Petitioner. Petitioner otherwise contends that he is "innocent" of the leader enhancement, and should be permitted to challenge it as such.

5. Turning first to Petitioner's contention that his motion should be treated as a motion brought pursuant to Federal Rule of Criminal Procedure 35(a), any such motion at this stage would be massively untimely. Rule 35(a) provides that a petitioner may seek to correct "arithmetical,

technical, or other clear error" within "14 days after sentencing." Rule 45(b)(2) further provides that the Court "may not extend the time to take action under Rule 35." This time limit "is a strict jurisdictional requirement," *United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016), and "a district court lacks authority to act under the Rule outside this period." *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010). Thus, because Petitioner filed his current motion the nine years after his original sentencing and the better part of two years after his sentence was altered under § 3582(c), his current motion is clearly untimely to the extent it is raised under Rule 35(a).

6. To the extent Petitioner seeks to raise his claim pursuant to § 2255, either as a new motion to vacate sentence or a Rule 60 motion to reopen his previous § 2255 motion, Petitioner faces additional bars that render his motion improper. First and foremost, the Court notes that Petitioner's current motion raises a claim not contained in his original § 2255 motion, and is therefore in actuality a second or subsequent § 2255 motion brought without leave of the Courts even to the extent that it has been filed pursuant to Rule 60. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (a Rule 60 motion presenting a new claim in a habeas matter is "in substance a successive habeas petition and should be treated accordingly," and permitting a Rule 60(b) motion to raise a new claim would "impermissibly circumvent" the bar on successive petitions brought without leave of the court of appeals).

7. That petitioner received a sentence reduction under § 3582(c) does not change the fact that his current § 2255 motion is second or successive. Although § 3582(c)(2) permits the Court to reduce a criminal defendant's sentence based on a retroactive change to the United States Sentencing Guideline, § 3582(b) specifically states that "[n]otwithstanding the fact that a sentence . . . can . . . be . . . modified pursuant to the provisions of [18 U.S.C. § 3582(c),] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18

U.S.C. § 3582(b)(1). Courts have therefore long held that a reduction pursuant to § 3582(c) does not affect the finality of the movant's original sentence for the purposes of determining the operative judgment and its finality for the purposes of § 2255. *See, e.g., Pinet v. Zickefoose*, 405 F. App'x 641, 642 (3d Cir. 2010) (granting of reduction under § 3582(c) did not prevent subsequent § 2255 motion from being second or successive to § 2255 motion denied before § 3582(c) reduction); *Abbott v. United States*, No. 98-1449, 1998 WL 229652, at *2-3 (E.D. Pa. Apr. 29, 1998); *see also United States v. Sander*, 247 F.3d 139, 142-43 (4th Cir. 2001) (holding that § 3582(b) makes it clear that a modification of sentence pursuant to § 3582(c) does not affect the finality of a criminal judgment); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001). Thus, Petitioner's being granted a sentencing reduction under § 3582(c) does not affect the fact that Petitioner's current filing is in actuality a second or successive § 2255 motion brought without leave of the Court of Appeals.

8. Pursuant to 28 U.S.C. §§ 2244(b) and 2255(h), a petitioner may not file a second or successive motion to vacate sentence in this Court without first acquiring authorization from the appropriate Court of Appeals. Absent authorization from the Court of Appeals, this Court has no jurisdiction over a second or successive motion to vacate sentence. *Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (a "petitioner's failure to seek authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). When "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals." *Robinson*, 313 F.3d at 139; *see also United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). A District Court should only transfer a petition to the Court of Appeals where the proposed second motion to vacate

would prima facie meet the requirements for a second motion set forth in 28 U.S.C. § 2255(h). *Hawkins*, 614 F. App'x at 582. Pursuant to § 2255(h), a second motion to vacate sentence will only be authorized where the new claim is either based on newly discovered evidence of sufficient merit, or where the new claim is based on a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court which was previously unavailable. § 2255(h).

9. Petitioner's current motion is neither based on newly discovered evidence nor a new rule of constitutional law. Instead, Petitioner cites only to *Booker*, which was decided several years before Petitioner's initial sentencing. As such, Petitioner doesn't meet either of the possible bases for the authorization of a second or successive § 2255 motion, and it would therefore not be in the interests of justice to transfer Petitioner's motion. Petitioner's motion will therefore be dismissed for lack of jurisdiction.[2]

10. In conclusion, Petitioner's motion (ECF No. 69) is DENIED as untimely to the extent it seeks relief pursuant to Rule 35(a), and is DISMISSED for lack of jurisdiction to the extent it seeks relief pursuant to 28 U.S.C. § 2255. An appropriate order follows.


Dated: August 27, 2018

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

---

[2] The Court further notes that it would not be in the interests to transfer this matter because Petitioner's motion is based on a false premise. Although Petitioner asserts in his motion that he received a four level enhancement for playing a lead role in the conspiracy, this Court did not impose that enhancement. Although the PSR suggested such an enhancement for Petitioner and the Government argued in favor of it, this Court specifically declined to impose that enhancement because the Court "didn't think [it] applicable or appropriately applied . . . [as the Court didn't] have any . . . basis to conclude that [Petitioner] was the leader" of the conspiracy. (*See* ECF No. 60 at 53-54). Thus, Petitioner's entire argument rests on the false claim that he received a sentencing enhancement under the Guidelines which this Court never imposed.